IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GARY HANKINS, )
 )
 Plaintiff, )
 )
v. ) No. 3:06-cv-222
 )
CITIGROUP, INC., et al., )
 )
 Defendants. )

# MEMORANDUM OPINION

This civil action is before the court on the defendants' motions for entry of judgment or summary judgment [docs. 11 and 40]. The plaintiff has responded to both motions [docs. 34 and 50], and the defendants have filed two reply briefs [docs. 35 and 53]. The court finds that oral argument on the motions is not necessary, and the motions are ripe for the court's consideration. For the reasons discussed below, the defendants' motions for entry of judgment will be granted.

In his complaint, the plaintiff claims that the defendants failed to pay him the amount of separation pay to which he was entitled after he was laid off in a downsizing reorganization. The plaintiff also says that his claim was not

accepted or denied within the 90 days provided for in the severance pay plan; thus, the defendants breached the agreement excusing the plaintiff from performance of any of the executory provisions of the plan. Finally, the plaintiff claims that he has a vested interest and right to the separation pay. He seeks his severance pay or, in the alternative, compensatory damages in the same amount.

## I. BACKGROUND

The following facts are found in the in the administrative record filed with the court [doc. 10].[1] The plaintiff began his employment in 1981 with Associates Housing Finance, LLC ("Associates"). He later resigned his position, but returned to work about March 1999. Citigroup merged with Associates in 2000. The plaintiff's position was eliminated, effective July 31, 2005, due to a staff reduction.

The Citigroup Separation Pay Plan ("Plan") is sponsored by Citigroup, Inc. The Plan Administrator is the Plans Administration Committee of Citigroup, Inc. ("Committee").[2] "The Plan is designed to provide separation pay benefits to eligible employees whose employment is involuntarily terminated . . . ."

---

[1] In his response to the defendant's first motion, the plaintiff attached his declaration. The defendant objects and argues that this court's review is limited to the administrative record, so the declaration should be disregarded. *See Wilkins v. Baptist Health Sys. Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). The declaration, however, contains essentially the same information as the administrative record and adds nothing to the facts this court may consider.

[2] The plaintiff's original complaint named only Citigroup, Inc. as a defendant. Subsequent amendments to the complaint added "The Plan Administration Committee of Citigroup, Inc." [doc. 38] and "Citigroup Separation Pay Plan" [doc. 47]. Thus, the arguments in the parties' memoranda concerning the proper defendant are now moot.

Plan, p. 3, doc. 10. The Appendices to the Plan describe the separation pay benefit formulas for specific groups of eligible employees. It is the "only separation pay plan maintained" by Citigroup, with some exceptions, none of which apply here.

Provisions of the Plan and its Appendices pertinent to this case are as follows:

> The Plan Administrator will have full and sole discretionary authority to administer the Plan and to determine rights and obligations conclusively for all parties claiming to have an interest under the Plan . . . including but not limited to the discretion to determine whether the Plan covers an individual and whether a qualifying separation has occurred; whether the circumstances of any particular separation make payment of benefits under the Plan appropriate; the applicability of any Appendix which governs the separation pay benefits, if any, to be provided to an eligible employee; and the form of the agreement to be signed by participating employees as a condition of receiving separation pay benefits under the Plan. The decisions of the Plan Administrator shall be final and binding . . . .
>
> . . . .
>
> [Once a written claim is filed with the Plan Administrator and] your claim is denied, you will receive a written explanation within 90 days after the receipt of your claim . . . .
>
> . . . .
>
> You have a right to appeal a denied claim by filing a written request for further review of your claim with the Plan Administrator . . . .

> . . . .
>
> No suit or action for benefits under the Plan shall be sustainable in any court of law or equity, unless you complete the appeals procedure . . . .
>
> . . . .
>
> If it is determined by the Plan Administrator that you may receive separation pay benefits under Appendix A of the Plan and you agree to the terms of the Separation Agreement and Release, your separation pay will be calculated as follows: you will receive 2 weeks of base pay. . . for each full 12 months of service with the Participating Companies in the United States Consumer Group **since your most recent date of hire** . . . up to a maximum of 52 weeks. If you previously were paid separation pay from the Company or one of its affiliates or subsidiaries, and experienced a break in service, in no event will you be paid separation pay for the same years of service.
>
> . . . .
>
> The separation payments [may be made] in a single lump sum at the time of termination (or as soon thereafter as practical) or over a payment period of time not to exceed 52 weeks.

On June 10, 2005, prior to the effective date of his separation, the plaintiff submitted a claim for separation pay benefits to the Human Resources Department. Based on his belief that he had twenty years of service with the company, the plaintiff sought 40 weeks of separation pay benefits, not the 12 weeks which the committee believed to be appropriate. The plaintiff's position that he is entitled to 40 weeks of separation pay benefits is based on the fact that

the company recognized his twenty years of service and that he was told that his "benefits" would be paid based on his service date of April 8, 1985.

On September 14, 2005, the plaintiff was sent a letter from the Committee advising him that his claim would not be approved because his most recent hire date (March 1999) entitled him to only 12 weeks of separation pay benefits. The letter went on to advise the plaintiff of his appeal rights, particularly the applicable procedures and deadlines. The plaintiff did not appeal the Committee's decision. Instead, on May 9, 2006, the plaintiff filed this lawsuit in the Knox County Chancery Court, which then was removed to this court.

## II.  LEGAL DISCUSSION

### A.  Standard of Review

Before addressing the standard of review in Employee Retirement Income Security Act ("ERISA") cases, it is necessary to discuss its applicability in this case. In his response to the defendant's first motion, the plaintiff admits that "some or all of the claims for relief sought . . . fall within the parameters and jurisdiction" of ERISA. The defendant contends that severance plans like the one in this case are "welfare benefit plans" within the meaning of ERISA, and all the plaintiff's claims are governed by its provisions. *See* 29 U.S.C. § 1002(1) (including severance pay plans in the definition of "employee welfare benefit plan"); *see also Cassidy v. Akzo Nobel Salt*, 308 F.3d 613, 615 (6th Cir. 2002) (noting that the Supreme Court has found that plans that pay employees

severance benefits are employee welfare benefit plans).  The plaintiff has not argued that any of his claims are exempt from the provisions of ERISA, and the court finds that ERISA applies to all the plaintiff's claims.

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), the United States Supreme Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id*. at 115.  If the plan herein grants the administrator or fiduciary the appropriate discretionary authority, this court must review the decision at issue under the "highly deferential arbitrary and capricious standard of review."  *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996).  This standard is the "least demanding form of judicial review of administrative action."  *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000).  The Sixth Circuit requires that a plan's grant of discretionary authority to the administrator must be express.  *Perry v. Simplicity Eng'g*, 900 F.2d 963, 965 (6th Cir. 1990); *see also Wulf v. Quantum Chem. Corp.*, 26 F.3d 1368, 1373 (6th Cir. 1994) (requiring "a clear grant of discretion").

Decisions concerning eligibility for ERISA benefits are not arbitrary and capricious if they are "rational in light of the plan's provisions." *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1998).  "Before concluding that a decision was arbitrary and capricious, a court must be confident that the decision

maker overlooked something important or seriously erred in appreciating the significance of evidence." *Marchetti v. Sun Life Assurance Co. of Can.*, 30 F. Supp. 2d 1001, 1008 (M.D.Tenn. 1998) (citing *Wahlin v. Sears, Roebuck & Co.*, 78 F.3d 1232, 1235 (7th Cir. 1996)). "[W]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious." *Williams*, 227 F.3d at 712.

In his response to the defendants' second motion for judgment, the plaintiff argues that he is entitled to a *de novo* review. However, the Plan in this case contains an express grant of discretionary authority to the plan administrator. The policy states, "The Plan Administrator will have full and sole discretionary authority to administer the Plan and to determine rights and obligations conclusively for all parties claiming to have an interest under the Plan . . . ." The court finds that this statement is a sufficient grant of discretionary authority to trigger an arbitrary and capricious standard of review of the Committee's decision in this case.

*B. Failure to Exhaust Administrative Remedies*

The defendants contend that the plaintiff's complaint should be dismissed because he failed to complete the appeals process required by the Plan. The Plan provides that an employee has the "right to appeal a denied claim by filing a written request for further review of your claim with the Plan Administrator," and "[n]o suit or action for benefits under the Plan shall be

sustainable in any court of law or equity, unless you complete the appeals procedure." It is undisputed that the plaintiff did not appeal the Committee's determination of his severance benefits and, pursuant to the plain language of the Plan documents, his lawsuit is unsustainable.

The plaintiff argues that he should be excused from his appeal obligation because the Committee "initially and materially" breached the provisions of the Plan. The Plan gives the Committee 90 days to provide the employee with a written explanation of benefits after the Committee receives the claim.[3] The plaintiff submitted his claim for severance benefits on June 10, 2005, but the Committee did not provide the written explanation until September 14, 2005. The written explanation was six days late.[4]

In response, the defendant contends that the Committee's notification was less than one week late, and this insubstantial delay does not excuse the plaintiff from exhausting his remedies before filing suit. In *Kent v. United of Omaha Ins. Co.*, 96 F.3d 803, 807 (6th Cir. 1996), the Sixth Circuit adopted a "substantial compliance" rule for considering whether a benefits claim

---

[3] The Code of Federal Regulations also requires a 90-day response to a claim for benefits. *See* 29 C.F.R. 2560.503-1(f) (stating that notification of a denial of a claim must be made no later than 90 days after receipt of the claim by the plan).

[4] In his declaration, the plaintiff also suggests that it would have been futile to appeal the decision because he would be making the same arguments to the same "person." The Sixth Circuit recognizes two scenarios where administrative futility might apply: "(1) when the 'Plaintiff's suit [is] directed to the legality of [the Plan], not to a mere interpretation of it' and (2) when the defendant 'lacks authority to institute the [decision] sought by Plaintiffs.'" *Dozier v. Sunlife Assurance Co. of Can.* 466 F.3d 532, 535 (6th Cir. 2006). Thus, even if the court accepted the plaintiff's declaration as part of the record, his futility argument would fail since his claim meets neither of the scenarios.

decision should be upheld even if there is a procedural defect.  Relying on opinions from other circuits, the court found that if the claim communications adequately notify the claimant of the denial of the claim and provide for a "fair opportunity" for review, then the purposes of ERISA are fulfilled.  *Id.*

The defendant also points out that the 90-day notification requirement begins to run once the plan administrator "receives" the claim, not necessarily from the time the claim is filed.  In this case, the plaintiff says that he believed that the Human Resources Department was the proper place to file his claim.  Even if it was, the Committee had 90 days to reply to the claim from the time it received the claim.  There is no evidence in the record concerning when the Human Resources Department forwarded the claim or when the Committee received the claim, so it is impossible to know when the 90-day notification period began to run.

In this case, the plaintiff does not claim that the late communication from the Committee prejudiced him in any way, that the basis of the Committee's decision was not clear, nor that the appeal procedures were unclear.  The court finds that the Committee's letter to the plaintiff explaining the denial of his request for 40 weeks of severance benefits substantially complied with the Plan requirements even though it was six days late, and the plaintiff cannot use the six days to excuse his failure to appeal the Committee's decision.

## C. The Committee's Decision

Next, even if the complaint is considered on its merits, the defendant contends that the decision to award the plaintiff only 12 weeks of severance pay was not arbitrary and capricious given the express terms of the Plan. The defendant argues that the Plan specifically references an employee's "most recent date of hire," and the plaintiff's most recent date of hire was in 1999. The plaintiff contends that the "heart of the issue is the computation of [his] service with his former employer" and that his prior employment should count towards his severance pay. In support of his argument that his prior employment should count, the plaintiff points to the fact that he was recognized for twenty years of service to his employer; that he had been told that his service date would be April 1985; and that he was denied a "retention incentive" allegedly because he was eligible for a large award of severance pay given his years of service.

An ERISA plan should be construed with a "view toward effectuating its general purpose," and the place to begin is with the plain language of the Plan. *Kolkowski v. Goodrich Corp.*, 448 F.3d 843, 850 (6th Cir. 2006). In this case, the Plan provides that severance benefits will be computed from the employee's "most recent date of hire." The plaintiff's most recent date of hire was in March 1999, so his severance benefits were computed from that date. The court cannot say that the Committee's interpretation of this provision of the Plan was arbitrary or capricious.

10

Notwithstanding this plain language, the plaintiff argues that the company determined that he had twenty years of service for purposes of service awards and vacation time (by adding together his two terms of employment), and this determination should fix his severance benefits.  On the other hand, the defendant contends that its determination has nothing to do with the Committee's interpretation of the Plan, relying on *Fisher v. Combustion Engineering, Inc.*, 976 F.2d 293 (6th Cir. 1992).  In *Fisher*, the plaintiff, like the plaintiff here, had a break in service with his company, but his service time was added together for purposes of service awards.  The plaintiff sought retirement benefits based on his initial date of hire. The plan administrator determined the plaintiff's benefits from his return date, which was six years later.  The plaintiff contended he took an early retirement relying on his service time as evidenced by service awards going back to his initial date of hire, and the company should be estopped from denying him retirement benefits based on the earlier date.  The Sixth Circuit held that the plaintiff's contract and estoppel claims are preempted by ERISA.  *Id.* at 296-97.  And, it is the plan documents themselves that govern the plaintiff's rights to severance benefits.  *See, e.g., Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 402 (6th Cir. 1998) (explaining the ERISA requirement that an employee's rights and obligations are to be in written form in the plan, and the plan documents exclusively govern the employer's obligations).  Thus, to the extent that the plaintiff's severance benefits arguments rely on factors such as oral statements or

11

service-time determinations that conflict with the written Plan documents, the arguments must fail. *Id.* at 402-03.

### D. Breach of Contract Claim

The plaintiff also contends that since the Committee "materially breached the terms, conditions and provisions of the Plan" by notifying him of its decision six days late; that the breach waived the defense of substantial compliance; and that he is entitled as a matter of law to the 40 weeks of benefits he claims. The plaintiff argues that this "unlawful act or omission to act" made the Committee's denial of his claim "ineffective and unenforceable."

In the first place, as discussed above, the court finds that the Committee's notification substantially complied with the requirements of the Plan documents and the regulations. Second, even if there was a procedural defect in the Committee's notification, an award of the claimed benefits would not be the remedy. Instead, the proper remedy would be remand. Clearly, in this case, remand would be a "useless formality" and would merely delay the inevitable. *See Kent*, 96 F.3d at 807. Therefore, the court finds that the alleged defect in the Committee's notice of its denial of the plaintiff's claim does not entitle the plaintiff to the increased benefits as a matter of law.

### III. **CONCLUSION**

Therefore, for these reasons the court finds that the plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies.

service-time determinations that conflict with the written Plan documents, the arguments must fail. *Id.* at 402-03.

### D. Breach of Contract Claim

The plaintiff also contends that since the Committee "materially breached the terms, conditions and provisions of the Plan" by notifying him of its decision six days late; that the breach waived the defense of substantial compliance; and that he is entitled as a matter of law to the 40 weeks of benefits he claims. The plaintiff argues that this "unlawful act or omission to act" made the Committee's denial of his claim "ineffective and unenforceable."

In the first place, as discussed above, the court finds that the Committee's notification substantially complied with the requirements of the Plan documents and the regulations. Second, even if there was a procedural defect in the Committee's notification, an award of the claimed benefits would not be the remedy. Instead, the proper remedy would be remand. Clearly, in this case, remand would be a "useless formality" and would merely delay the inevitable. *See Kent*, 96 F.3d at 807. Therefore, the court finds that the alleged defect in the Committee's notice of its denial of the plaintiff's claim does not entitle the plaintiff to the increased benefits as a matter of law.

### III. **CONCLUSION**

Therefore, for these reasons the court finds that the plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies.

Furthermore, the Committee's decision concerning the plaintiff's severance pay benefits was not arbitrary or capricious. The defendant's motions for entry of judgment will be granted, and an order reflecting this opinion will be entered.

ENTER:

*s/ Leon Jordan*
United States District Judge